## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE:  FRITO-LAY NORTH AMERICA, INC.**
**"ALL NATURAL" LITIGATION**                                        MDL No. 2413

**IN RE:  FRITO-LAY TOSTITOS & SUNCHIPS**
**MARKETING AND SALES PRACTICES LITIGATION**       MDL No. 2414

### TRANSFER ORDER

**Before the Panel**:[*]  The Panel is presented with three motions for centralization involving plaintiffs' claims that various Frito-Lay products are labeled "All Natural" in violation of law.  In MDL No. 2413, plaintiff in one Southern District of Florida action concerning Frito-Lay Bean Dip moves to centralize in that district four actions pending in three districts, as listed on Schedule A. In MDL No. 2414, plaintiff in one Northern District of Illinois action concerning Frito-Lay SunChips moves to centralize in that district three actions pending in two districts, as listed on Schedule B.[1] In response, defendants[2] cross-move to centralize all seven actions on Schedules A and B in a single MDL proceeding in the Eastern District of New York.

No party disputes that centralization of the actions concerning the "All Natural" labeling of Frito-Lay Bean Dip, SunChips, and Tostitos is warranted in some form.  The moving plaintiffs argue, however, that the Panel should create two MDLs – one for claims involving Frito-Lay Bean Dip and one for claims involving Frito-Lay chip products.  They assert that separate MDLs are necessary because the bean dip and chip products contain different primary ingredients and involve different consumers.  In response, defendants contend that a single MDL encompassing all seven actions is appropriate because all actions contain the same core factual allegation – that the "Natural" labeling on the products at issue is misleading because the products are grown from genetically modified organisms – and thus discovery will focus on the same documents and witnesses.  As support for these contentions, they further note that a consolidated action covering Frito-Lay Bean Dip, SunChips, and Tostitos already is pending in the Eastern District of New York.

---

[*]   Judge Kathryn H. Vratil took no part in the decision of this matter.  Other Panel members who could have been members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]   Since the filing of the motions, the Panel has been notified of two related actions in the Northern District of California.  These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2]   The defendants are Frito-Lay North America, Inc., and PepsiCo, Inc.

-2-

On the basis of the papers filed and the hearing session held, we find that all seven actions share factual questions arising out of allegations that Frito-Lay markets and labels certain food products grown from genetically modified organisms as "All Natural," in a manner that is allegedly misleading to consumers. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. As with any MDL, the transferee judge may account, at her discretion, for any differences among the actions through the use of appropriate pretrial devices, such as separate tracks for discovery or motion practice. *See, e.g., In re: Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, 408 F. Supp. 2d 1351, 1352 (J.P.M.L. 2005).

The Eastern District of New York is an appropriate transferee court. Three actions are pending in this district, including a consolidated action covering the three Frito-Lay product lines at issue. Judge Roslynn R. Mauskopf is an experienced jurist and is currently presiding over those actions. We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedules A and B and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Roslynn R. Mauskopf for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedules A and B.

IT IS FURTHER ORDERED that plaintiffs' motions for centralization of MDL No. 2413 and MDL No. 2414 are denied, and defendants' cross-motion for centralization of actions in a single MDL proceeding under MDL No. 2413 is granted.

IT IS FURTHER ORDERED that MDL No. 2413 is renamed *In re: Frito-Lay North America, Inc., "All Natural" Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.          Paul J. Barbadoro
Marjorie O. Rendell             Charles R. Breyer
Lewis A. Kaplan

**IN RE:  FRITO-LAY NORTH AMERICA, INC.**
**"ALL NATURAL" LITIGATION**                    MDL No. 2413

**IN RE:  FRITO-LAY TOSTITOS & SUNCHIPS**
**MARKETING AND SALES PRACTICES LITIGATION**    MDL No. 2414


## SCHEDULE A


Southern District of Florida

Kelli Altman v. Frito-Lay North America, Inc., C.A. No. 0:12-61803
Steve Berkowitz v. Frito-Lay North America, Inc., C.A. No. 1:12-22436

Northern District of Illinois

William Roman v. Frito-Lay of North America, Inc., C.A. No. 1:12-07492

Eastern District of New York

Alyssa Schwartz v. Frito-Lay North America, Inc., C.A. No. 1:12-04638


## SCHEDULE B

Northern District of Illinois

Kimberly Fleishman v. Frito-Lay of North America, Inc., C.A. No. 1:12-07547

Eastern District of New York

Chris Shake, et al. v. Frito-Lay North America, Inc., et al., C.A. No. 1:12-00408
David Foust v. Frito-Lay North America, Inc., C.A. No. 1:12-05017